UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID LEON DEW,

       Petitioner,                              No. C 07-1818 PJH

   v.

BEN CURRY, Warden,               **ORDER TO SHOW CAUSE**

       Respondent.

_____/

     Petitioner David Leon Dew ("Dew"), a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

     In 1983, Dew pled guilty in the San Diego County Superior Court to second degree murder, and was sentenced to fifteen years to life in prison. Dew claims to have appeared before California's Board of Parole ("Board") for at least eight parole consideration hearings since 1983, the most recent of which appears to have occurred on May 12, 2005.

     Dew has already sought habeas corpus relief in the state courts based on the Board's denial of parole. On June 14, 2006, the San Diego County Superior Court denied Dew's habeas petition. Subsequently, the California Court of Appeal denied habeas relief on August 14, 2006, and the California Supreme Court denied review on February 7, 2007.

## DISCUSSION

**A.   Legal Standard**

     This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant

or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.     Petitioner's Legal Claims**

Although petitioner has not succinctly stated his claim for federal habeas corpus relief, it appears that he is arguing that the Board's repeated denial of his release on parole violates his federal due process rights, and that as a result, this court should compel the Board to order his discharge and/or order the Board to conduct another parole consideration hearing at which it finds him suitable for release.  Liberally construed, the claim appears colorable under 28 U.S.C. § 2254 and merits an answer from respondents.

## CONCLUSION

For the foregoing reasons and for good cause shown

1.     The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto upon respondents.  The clerk shall also serve a copy of this order on petitioner.

2.     Respondents shall file with the court and serve on petitioner, within 60 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition.

3.     If the petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

**IT IS SO ORDERED.**

Dated:   April 9, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge

Habeas.osc

2